Opinion of the Court, by
Judge Clark.
Andrew and Joseph Kennedy having obtained a judgment in ejectment against John Ball, for a tract of land patented to them 5th of December 1785, Ball, to enjoin proceedings upon this judgment, and to try the relative merits of the entries under which each claimed, filed his bill in chancery, as the attorney in fact of William Maxey, against them and Thomas Kennedy, claiming the benefit of the following entry and patent thereon:
“ May the 20th, 1780—William Maxey enters 500 acres upon a treasury warrant, on Drake's Camp creek, beginning about three-fourths of a mile above the mouth of a branch which has a spring on it near a tree marked W. M. and running an east course to the second branch, including said, and with the creek down for quantity.”
*126 The defendants, by their answer, deny the legal sufficiency of Maxey’s entry, and set up claim to the land in question, under an entry made June 2d, 1780, in the following words:
“ John Kennedy enters 500 acres on Drake’s Camp creek, of Dick’s river, and to join land of John Pophan, on the north side, lying on a branch that heads on Solomon Carpenter’s land, including a large sink-hole spring.”
On final hearing, the court, conceiving Maxey’s entry insufficient, dismissed the bill. Subsequent to these proceedings, the heirs of John Ball, deceased, by Job Johnston their next friend, filed their bill of review against Joseph Kennedy, to obtain a reversal of the former decree, on the ground of a supposed error in law appearing in the decree, and upon the discovery of an important fact, not known to their ancestor, John Ball, on the trial of the cause, to wit, that the patent under which Maxey claimed was of elder date than the one under which Kennedy held.
The appellant, Joseph Kennedy, plead the former decree, and demurred to the relief prayed, and answered to some of the matters of fact set forth in the bill.
On final hearing, the circuit court opened the decree, and gave the relief asked for; from which Kennedy has appealed to this court.
The rule seems well settled, that none but parties and privies, as heirs, executors or administrators, can have a bill of review; for no one else can be aggrieved by the decree prayed to be reviewed. See Hind’s Practice 60, and the cases there cited. It is necessary, therefore, before we determine upon the sufficiency of the matters assigned for setting aside the decree, to ascertain whether the appellees had such interest in the subject, as authorised them to have their bill of review.
The original bill is brought by William Maxey, to be relieved against the supposed elder patent of the defendants, and not, as was contended, by John Ball; for though it is in the name of Ball, yet it is as the attorney in fact for William Maxey; nor is there a single allegation in the bill, that John Ball had either a legal or equitable interest in the land. The only expression in the bill, from which an interest in Ball can possibly be inferred, is, that he had the possession under Maxey. *127 This inference, unsupported by any proof in the record, that such a right to the land existed, is too feeble to authorise the court in believing that such was the fact. If we are correct in this view of the subject, it follows, according to the principle before mentioned, that the appellees had not such an interest in the matter in contest, as would authorise them to maintain a bill of review.
It is conceived, if this objection could be removed, there are others equally formidable, which go to the right of the appellees to have the decree reversed. A bill of review may be filed, founded upon error of law apparent on the face of the decree, without further examination of matters of fact, or upon the discovery of a matter of fact not put in issue by either party. The bill, in this case, is founded, both upon a supposed error in law, and upon the discovery of a fact. The first does not exist; and as to the latter, it is believed that when a review is asked on account of a discovery of a fact which was not put in issue by the parties, it should not be granted, unless the fact so discovered would, when combined with the other proofs in the cause, produce a change in the decree of the court, as respects the complainant. Admitting, then, this to have been a suit in the name of John Ball, before he could have entitled himself to a decree, he was bound to show, either a legal or an equitable interest in the land. There being a total absence of proof as to his right, the fact alleged to have been discovered could not have changed the decree, as related to John Ball. That John Ball had an equitable interest in the land, by purchase from Maxey, is stated by the appellees in their bill for a review; yet it can have no influence in the decision of the cause; for, if true, it was known to their ancestor when he filed his bill, and cannot be admitted in aid of the other grounds for opening the decree; but if it could, there is no proof of it.
In the argument of this cause, it was contended for the appellees, that their bill might be considered as an original bill, impeaching the decree upon the ground of fraud. That a bill of that description will lie, where there has been a direct fraud in obtaining the decree, there is no doubt; but were we to consider this as a bill of that description, the appellees would not be placed in a better situation than they would be, consid *128 ering it as a bill of review. The rule is too clear to need argument, that every person who comes into a court of justice to demand a judgment in his favor, must show a right to the thing demanded; he must recover upon the strength of his own title, and not the weakness of his adversary’s.
Decree reversed, with directions to dismiss the bill with costs.